**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CARLOS MIGUEL VIVAR PALACIOS, | No. 12-70544 |
| Petitioner, | Agency No. 070 939 941 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2015[**]
San Francisco, California

Before: O'SCANNLAIN and CLIFTON, Circuit Judges, and RAKOFF, Senior
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

Petitioner Carlos Miguel Vivar Palacios, a citizen and native of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed the denial by the Immigration Judge (IJ) of Petitioner's applications for asylum, withholding of removal, and protection under Article 3 of the United Nations Convention Against Torture (CAT).[1] We have jurisdiction pursuant to 8 U.S.C. § 1252.

This Court reviews factual findings for "substantial evidence." *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). Under this standard, "'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). The BIA's finding that Petitioner failed to establish any likelihood of persecution or torture in Guatemala, and therefore is ineligible for asylum, withholding of removal, and protection under the CAT, is supported by substantial evidence. Petitioner testified that on ten to fifteen occasions from 1974 to 1976, the Guatemalan military threatened to "disappear" him, and that, in three incidents in 1989, the military ransacked his house, briefly restrained him, slapped

---

[1] The BIA also affirmed the IJ's holding that Petitioner is ineligible for cancellation of removal. Petitioner has waived any challenge to this issue by failing to raise it on appeal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

him without causing pain or injury, and threatened him. Under this Circuit's precedents, mistreatment of this nature and severity does not "compel the conclusion" of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006) (brief detention, interrogation, and beating that does not cause injury); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995). Nor has Petitioner adduced any evidence that he faces an individualized risk of future persecution or torture. *See Kotasz v. INS*, 31 F.3d 847, 851-52 (9th Cir. 1994) (holding that alien must "show that he faces a particularized threat of persecution"). Accordingly, the record does not compel the conclusion that the BIA erred.

Finally, Petitioner also argues that the IJ erred in holding that his asylum application was barred because his conviction under California Health and Safety Code Section 11352 was an "aggravated felony." However, the BIA expressly declined to reach this question, holding instead that Petitioner was ineligible for asylum for the reasons described above. Because our review is "limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted," we do not reach this issue. *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**